# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN

NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT

PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
JOHN V. HARRISON
CAROLINE F. HAYDAY
DAVID FLECHNER
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

Writer's Direct Dial:  +1 212-225-2460
E-Mail:  tmoloney@cgsh.com

April 16, 2015

**By ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

> Re:   *Delaware Trust Company v. Wilmington Trust, N.A.*, No. 1:15-cv-2883 (PAE)
> (FM)

Dear Judge Engelmayer:

We write on behalf of proposed intervenor defendants J. Aron & Company ("J. Aron") and Morgan Stanley Capital Group, Inc. ("MSCG") to explain the procedural posture of the present case and to request certain guidance from the Court.  J. Aron is represented in this matter by Cleary Gottlieb Steen & Hamilton LLP and MSCG is represented by Cadwalader Wickersham & Taft LLP.

Plaintiff Delaware Trust Company ("Plaintiff") filed its complaint in the New York Supreme Court, Commercial Division on March 13, 2015, naming solely as Defendants Wilmington Trust, N.A. ("Wilmington Trust") and The Bank of New York Mellon Trust Company ("BONY").[1]  On April 10, 2015, J. Aron and MSCG filed a Joint Application for an Order to Show Cause to Intervene ("Joint Application to Intervene").[2]  On April 13, 2015, Justice Saliann Scarpulla granted the Order to Show Cause, ordering Plaintiff and Defendants to show cause on May 7, 2015 why an order permitting J. Aron and MSCG to intervene should not be entered.[3]  That same day, Plaintiff filed a Notice of Dismissal accompanied by a proposed

---

[1]   Plaintiff's complaint is attached as Exhibit A to Wilmington Trust's Notice of Removal.
[2]   The Joint Application to Intervene is attached as Exhibit A to Wilmington Trust's Notice of Removal.
[3]   The Order to Show Cause is attached as Exhibit A to Wilmington Trust's Notice of Removal.

CLEARY GOTTLIEB STEEN & HAMILTON LLP OR AN AFFILIATED ENTITY HAS AN OFFICE IN EACH OF THE CITIES LISTED ABOVE.

Hon. Paul A. Engelmayer, p. 2

Stipulation and Order dismissing BONY from the action.[4]  On April 14, 2015, the sole remaining defendant, Wilmington Trust, removed this case to the Southern District of New York.

As J. Aron and MSCG's joint motion to intervene has not yet been decided, we seek guidance on whether the Court will decide the motion on the existing moving papers as submitted in the New York Supreme Court, Commercial Division (and any opposing and reply papers) or whether the Court requires the motion to be re-filed and briefed pursuant to Rule 24 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").[5]  The grounds for intervention under New York Civil Procedure Law and Rules §§ 1012 and 1013 are substantially similar to the grounds for intervention under Fed. R. Civ. P. 24.[6]

As explained in the previously filed Joint Application to Intervene, J. Aron and MSCG are interest rate swap providers and first lien creditors to the Debtors in a bankruptcy proceeding currently underway in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court").[7]  Plaintiff is also a first lien creditor in the bankruptcy proceeding.  Pursuant to a Cash Collateral Order, the first lien creditors receive monthly adequate protection payments.  Due to a first lien creditor's objection to the allocation of the monthly adequate protection payments among the first lien creditors, the Delaware Bankruptcy Court ordered that the disputed amount should be placed in escrow.  Plaintiff in this action seeks declaratory relief regarding the proper allocation of the adequate protection payments and an order directing the Escrow Agent to release the escrow funds in accordance with Plaintiff's preferred allocation and to the detriment of J. Aron and MSCG.  Plaintiff's proposed allocation of the adequate protection payments rests on an interpretation of an intercreditor agreement, to which Plaintiff, J. Aron, and MSCG, among others, are parties.  J. Aron and MSCG plainly have interests at stake in this case and seek to intervene to represent and defend those interests.

Attorneys for Wilmington Trust have informed us that Wilmington Trust does not object to J. Aron and MSCG's intervention.  We have contacted Plaintiff's counsel at Kobre & Kim to seek consent as well, and received a response stating that Plaintiff has not yet determined

---

[4]  The Stipulation, which was entered by the State Court, is attached as Exhibit A to Wilmington Trust's Notice of Removal.

[5]  J. Aron and MSCG's Memorandum of Law in Support of Their Joint Application to Intervene is attached as Exhibit A to Wilmington Trust's Notice of Removal.

[6]  Compare Louis Berger Group, Inc. v. State Bank of India, 802 F.Supp.2d 482, 487 (S.D.N.Y 2011) ("Under Rule 24(a)(2) . . . the Court must grant an intervention by right when a party: (1) files a timely motion; (2) claims an interest relating to the property or transaction that is the subject of the action; (3) is so situated that disposing of the action without intervention may impair or impede the party's ability to protect its interest; and (4) has an interest not adequately represented by other parties.") (quoting Bridgeport Guardians, Inc. v. Delmonte, 602 F.3d 469, 473 (2d Cir. 2010)) with N.Y.C.P.L.R § 1012(a) (McKinney 2012 & Supp. 2015) ("Upon timely motion, any person shall be permitted to intervene in any action . . . when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment; or . . . when the action involves the disposition or distribution of . . . property and the person may be affected adversely by the judgment."). See also Peterson v. Islamic Republic of Iran, 290 F.R.D. 54, 59-60 (S.D.N.Y. 2013) (permitting intervention by nonparty alleging legal claim to assets subject to disposition in the present case); Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, 2005 WL 751914, at *4 (S.D.N.Y.) (permitting individual bondholders to intervene in lawsuit between issuer and trustee where trustee, although acting on behalf of majority of bondholders, was unlikely to fully represent proposed intervenors' interests due to potential conflict of interest).

[7]  All terms used but not defined herein have the meaning given to them in the Joint Application to Intervene.

Hon. Paul A. Engelmayer, p. 3

how it will respond to our intervention application.  In the event the Court grants the motion to intervene, J. Aron and MSCG plan to promptly file a motion to transfer this case to the Delaware Bankruptcy Court, as it is a core bankruptcy proceeding.

J. Aron and MSCG respectfully request that the Court provide guidance as to whether we can pursue intervention on the basis of our existing moving papers.  J. Aron and MSCG also request that the Court set a prompt schedule for the briefing and the resolution of the intervention motions.

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: s/ Thomas J. Moloney
Thomas J. Moloney
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Proposed Intervenor*
*J. Aron & Company*

CADWALADER, WICKERSHAM & TAFT LLP

By: s/ Howard R. Hawkins, Jr.
Howard R. Hawkins, Jr.
One World Financial Center
New York, NY 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

*Attorneys for Proposed Intervenor*
*Morgan Stanley Capital Group Inc.*

cc:  All Counsel of Record and Proposed Intervenors (by ECF and email)