# CADWALADER

Cadwalader, Wickersham & Taft LLP
One World Financial Center, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

New York  London  Charlotte  Washington
Houston  Beijing  Hong Kong  Brussels

April 20, 2015

**BY ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

Re:   *Delaware Trust Company v. Wilmington Trust, N.A, et al.*, No. 1:15-cv-2883 (PAE)(FM)

Dear Judge Engelmayer:

We write on behalf of proposed intervenor defendant Morgan Stanley Capital Group Inc. ("MSCG") and in response to the letter submitted to the Court on April 19, 2015 by plaintiff Delaware Trust Company ("Plaintiff").  In its letter, Plaintiff states that the Court should first address its proposed motion to remand—which has not yet been filed—instead of addressing (i) the pending motions to intervene filed by MSCG and J. Aron & Company ("J. Aron") and by Titan Investment Holdings LP ("Titan") on April 10, 2015 in New York Supreme Court, Commercial Division (the "State Court"), and (ii) the proposed motions to transfer that MSCG and J. Aron stated in their April 16, 2015 letter to this Court that they plan to file if their joint motion to intervene is granted.

Plaintiff's proposal and its arguments are without merit for the following reasons:

First, in their letter, Plaintiff incorrectly claims that the federal courts in general and the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in particular does not have subject matter jurisdiction over this action.  This is plainly incorrect.  As set forth in the letters to this Court from MSCG, J. Aron and Titan (collectively, the "Proposed Intervenors"), this action is a core proceeding involving disputes under the Cash Collateral Order (by its own terms at page 3 a "core proceeding") which "arises in" the chapter 11 cases of Texas Competitive Electric Holdings LLC and its debtor affiliates (the "Debtors") currently pending in the Bankruptcy Court.  See Affirmation of Ellen M. Halstead ("Halstead Aff."), dated April 10, 2015, Ex. C at 3.[1]  Thus, the Bankruptcy Court explicitly retained jurisdiction in the Cash Collateral Order.  See id. at 59.

---

[1]   The Halstead Affirmation, which was filed in support of J. Aron and MSCG's Joint Application to Intervene in the State Court, is attached as Exhibit A to defendant Wilmington Trust, N.A.'s Notice of Removal.

C A D W A L A D E R

Hon. Paul A. Engelmayer
April 20, 2015

It is well settled that a dispute is "core" when it concerns the interpretation of a final order by the Bankruptcy Court.  See In re Petrie Retail, Inc., 304 F.3d 223, 229-30 (2d Cir. 2002); In re Gen. Growth Props., Inc., 460 B.R. 592, 598 (Bankr. S.D.N.Y. 2011) ("A bankruptcy court always has jurisdiction to interpret its own orders. *It does not matter that the [action] is purportedly between two non-debtors*") (citations omitted; emphasis added).  Core bankruptcy functions include, without limitation, "'fixing the order of priority claims against a debtor', '"placing the property of the bankrupt, wherever found, under the control of the court, for equal distribution among the creditors"', and 'administering all property in the bankrupt's possession.'"   In re U.S. Lines, Inc., 197 F.3d 631, 637 (2d Cir. 1999) (citations omitted).  Plaintiff's claims also "arise under" the Bankruptcy Code because the adequate protection payments at issue here are themselves a right of secured creditors created under chapter 11; they would not exist but for the bankruptcy.  See In re WestPoint Stevens, Inc., 600 F.3d 231, 260 (2d Cir. 2010).

Second, this dispute is "related to" the bankruptcy as it will impact the estate.  A case need not be against the debtor or against debtor property for related to jurisdiction to exist.  Celotex Corp. v. Edwards, 514 US 300, 308 n.6 (1995).  As the Second Circuit has recognized the proper test "for determining whether litigation has a significant connection with a pending bankruptcy proceeding is whether its outcome might have any 'conceivable effect' on the bankrupt estate."  In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir. 1992) (citation omitted).

Here the senior noteholders, which Plaintiff represents, have admitted in the Bankruptcy Court that this dispute over payments to senior creditors is a "precursor to how distributions might be made under a plan."  Halstead Aff., Ex. D at 232:1-7.  In response, Bankruptcy Judge Sontchi acknowledged that "it may be at some point it would be appropriate for me to get involved in this" dispute.  Id. at 232:8-16.

Accordingly, the escrow agreement itself provides that any action thereunder shall be brought in the Bankruptcy Court to the extent that court has and agrees to exercise jurisdiction.  The Bankruptcy Court thus ordered that the amount here in dispute "shall be held in the Escrow Account pending further order of this Court (or another court of competent jurisdiction) approving an allocation of the Holdback Amount among the Prepetition First Lien Creditors."  Halstead Aff., Ex. C at 33.  Thus, the Bankruptcy Court in effect has primary jurisdiction over this dispute.  Bankruptcy Judge Sontchi's statements demonstrate that this action should be transferred so that the Bankruptcy Court can properly make a determination regarding jurisdiction.

Moreover, the Debtors just filed their plan of reorganization on April 14, 2015.  Like the Cash Collateral Order, the plan proposes to pay cash consideration to the swap counterparties, noteholders, and lenders on a pro rata basis.  Accordingly, the issue here has now become a

# CADWALADER

Hon. Paul A. Engelmayer
April 20, 2015

potential plan confirmation issue.  Actions that are designed to impact plan confirmation or the administration of the estate are indisputably core proceedings, regardless of whether such actions also involve intercreditor contractual disputes.  See In re Extended Stay Inc., 435 B.R. 139, 146 (S.D.N.Y. 2010).  Thus, it is especially important that this action, which may impact the plan of reorganization, is decided by the Bankruptcy Court.

Fourth, as MSCG and J. Aron stated in their letter to the Court, they plan to file a joint motion to transfer this action to the Bankruptcy Court. Contrary to Plaintiff's contention, federal district courts have the discretion to determine the sequencing of threshold issues, therefore have the power to determine whether an action should be transferred before determining a challenge to subject matter jurisdiction.  See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430 (2007).  Thus, MSCG submits that this action should be transferred to the Bankruptcy Court before Plaintiff's proposed motion to remand is briefed and decided.

Fifth, under the briefing schedule set by the State Court, Plaintiff is required to respond to the pending motions to intervene by this Wednesday, April 23, 2015.  MSCG respectfully submits to the Court that the motions to intervene can and should be addressed by the Court before any proposed motion to remand is addressed.  See Guetzko v. Keybank Nat'l Ass'n, No. C08-2067, 2008 WL 5110945, at *3 (N.D. Iowa Dec. 4, 2008) (Court "has discretion to address pending motions in the order in which logic and facts require").

By arguing that its proposed motion to remand should be addressed first, Plaintiff is attempting to prevent the Proposed Intervenors—the parties most affected by the relief Plaintiff seeks—from being heard in this action.  This is simply a continuation of Plaintiff's inexplicable failure to name as original parties to this action the swap providers MSCG and J Aron, who are its true adversaries and the real parties in interest.

Respectfully Submitted,

s/ *Howard R. Hawkins, Jr.*

Howard R. Hawkins, Jr.

cc:     All Counsel of Record and Proposed Intervenors (by ECF and email)