UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELAWARE TRUST COMPANY, as TCEH First Lien Indenture Trustee,<br><br>                          Plaintiff,<br><br>-against-<br><br>WILMINGTON TRUST, N.A., as First Lien Collateral Agent and First Lien Administrative Agent,<br><br>                          Defendant. | Electronically Filed<br><br>Case No. 15-cv-02883 (PAE) (FM) |

## DECLARATION OF ZOE E. SHEA

Zoe E. Shea, pursuant to 28 U.S.C. § 1746, declares and states as follows:

1. I am an attorney admitted to practice before this Court and an associate at the law firm Cleary Gottlieb Steen & Hamilton LLP, counsel for J. Aron & Company ("J. Aron").

2. I submit this declaration on behalf of J. Aron, proposed Defendant-Intervenor, in support of Morgan Stanley Capital Group Inc. ("MSCG") and J. Aron's Joint Motion to Intervene, dated April 24, 2015.

3. Attached as Exhibit A to this declaration is proposed Defendant-Intervenor J. Aron's Answer to Plaintiff Delaware Trust Company's Complaint, which was filed in the Supreme Court of New York, Commercial Division on April 10, 2015.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 24, 2015 in New York, New York.

                                                                   s/ Zoe E. Shea
                                                                   Zoe E. Shea

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| DELAWARE TRUST COMPANY, as TCEH First Lien Indenture Trustee,<br><br>           Plaintiff,<br><br>-against-<br><br>WILMINGTON TRUST, N.A., as First Lien Collateral Agent and First Lien Administrative Agent, and THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., as Escrow Agent,<br><br>          Defendants. | Index No. 650792/2015<br><br>Justice Shirley Werner Kornreich |

**PROPOSED DEFENDANT-INTERVENOR J. ARON & COMPANY'S
<u>ANSWER TO PLAINTIFF'S COMPLAINT</u>**

  Intervenor J. Aron & Company ("<u>J. Aron</u>"), by its undersigned counsel, responds as follows to the allegations in Plaintiff's Complaint, dated March 13, 2015 (the "<u>Complaint</u>"), insofar as they are applicable to its interests as an intervenor.

  J. Aron incorporates into each response a denial of all allegations that appear in footnotes, except with respect to any such allegations that are expressly admitted.

  For the sake of clarity, and unless otherwise expressly stated, J. Aron herein uses the defined terms and phrases set forth in the Complaint. In doing so, however, J. Aron does not concede that any such definitions are proper.

  Many of the allegations of the Complaint are purely legal arguments as to which no response pleading is required. By responding to these allegations, J. Aron does not concede these are factual allegations as to which any proof is proper.

  J. Aron further responds to the specific allegations in the Complaint as follows:

## ANSWER

1. J. Aron denies the allegations of paragraph 1, except (i) admits that the allegations therein purport to describe the subject matter of this action and that the Intercreditor Agreement is governed by New York law and (ii) respectfully refers the Court to the Intercreditor Agreement for a complete and accurate statement of its contents.

2. J. Aron denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, except respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

3. J. Aron denies the allegations of paragraph 3, except admits that Plaintiff purports to describe the nature of this action therein.

4. J. Aron denies the allegations of paragraph 4, except admits that Plaintiff purports to describe the nature of this action therein.

5. J. Aron denies the allegations of paragraph 5, except (i) avers that the Obligors are required to make monthly adequate protection payments pursuant to the Cash Collateral Order and (ii) respectfully refers the Court to the Intercreditor Agreement and the Cash Collateral Order for a complete and accurate statement of their contents.

6. J. Aron denies the allegations of paragraph 6, except (i) admits and avers, upon information and belief, that Obligors have placed aside a portion of the first lien adequate protection payments as set forth in paragraph 6 of the Cash Collateral Order and (ii) respectfully refers the Court to the Cash Collateral Order for a complete and accurate statement of its contents.

7. J. Aron denies the allegations of paragraph 7, except respectfully refers the Court to the Intercreditor Agreement for a complete and accurate statement of its contents.

8.     J. Aron denies the allegations of paragraph 8, except (i) admits that Plaintiff purports to describe its claims and relief sought therein, and avers, upon information and belief, that Defendant BONY, in its capacity as escrow agent, is in possession of the disputed portion of the first lien adequate protection payments as set forth in paragraph 6 of the Cash Collateral Order and (ii) respectfully refers the Court to the Cash Collateral Order for a complete and accurate statement of its contents.

9.     J. Aron denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, except admits, upon information and belief, that Delaware Trust is a state chartered trust company existing under the laws of the State of Delaware.

10.    J. Aron denies the allegations of paragraph 10, except (i) admits, upon information and belief, that Defendant Wilmington is a national banking association organized and existing under the laws of the State of Delaware and (ii) respectfully refers the Court to the Intercreditor Agreement for a complete and accurate statement of its contents.

11.    J. Aron denies the allegations of paragraph 11, except (i) admits, upon information and belief, that Defendant BONY is a national banking association existing under the laws of the State of New York and (ii) respectfully refers the Court to the Escrow Agreement for a complete and accurate statement of its contents.

12.    J. Aron denies the allegations of paragraph 12, except respectfully refers the Court to the Intercreditor Agreement for a complete and accurate statement of its contents.

13.    J. Aron denies the allegations of paragraph 13, except denies knowledge or information sufficient to form a belief as to the truth of whether Wilmington has agreed to submit to the jurisdiction of the courts of this state.

14. J. Aron denies the allegations of paragraph 14, except denies knowledge or information sufficient to form a belief as to the truth of whether Wilmington has agreed that venue is appropriate in any court in this state.

15. J. Aron denies the allegations of paragraph 15, except admits, upon information and belief, that BONY is a national banking association with a principal place of business in New York, New York.

16. J. Aron denies the allegations of paragraph 16, except admits, upon information and belief, that BONY has its principal place of business in New York, New York.

17. J. Aron denies the allegations of paragraph 17, except respectfully refers the Court to the Intercreditor Agreement for a complete and accurate statement of its contents.

18. J. Aron denies the allegations of paragraph 18, except (i) denies knowledge or information sufficient to form a belief as to whether and how the Plaintiff became a party to the Intercreditor Agreement and (ii) respectfully refers the Court to the Intercreditor Agreement for a complete and accurate statement of its contents.

19. J. Aron denies the allegations of paragraph 19, except respectfully refers the Court to the Intercreditor Agreement for a complete and accurate statement of its contents.

20. J. Aron denies the allegations of paragraph 20.

21. J. Aron denies the allegations of paragraph 21, except respectfully refers the Court to the Intercreditor Agreement for a complete and accurate statement of its contents.

22. J. Aron denies the allegations of paragraph 22, except respectfully refers the Court to the Intercreditor Agreement for a complete and accurate statement of its contents.

23. J. Aron denies the allegations of paragraph 23, except respectfully refers the Court to the Intercreditor Agreement for a complete and accurate statement of its contents.

24. J. Aron denies the allegations of paragraph 24, except respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

25. J. Aron denies the allegations of paragraph 25, except respectfully refers the Court to the Intercreditor Agreement for a complete and accurate statement of its contents.

26. J. Aron denies the allegations of paragraph 26, except respectfully refers the Court to the Intercreditor Agreement for a complete and accurate statement of its contents.

27. J. Aron denies the allegations of paragraph 27, except respectfully refers the Court to the Intercreditor Agreement for a complete and accurate statement of its contents.

28. J. Aron denies the allegations of paragraph 28, except respectfully refers the Court to the Intercreditor Agreement for a complete and accurate statement of its contents.

29. J. Aron denies the allegations of paragraph 29, except denies knowledge or information sufficient to form a belief as to the truth of what, if any, direction Plaintiff Delaware Trust received.

30. J. Aron denies the allegations of paragraph 30, except (i) avers, upon information and belief, that the Obligors have been making monthly adequate protection payments to compensate for Diminution in Value of the Pre-Petition Collateral as set forth in paragraph 5 of the Cash Collateral Order and (ii) respectfully refers the Court to the Cash Collateral Order for a complete and accurate statement of its contents.

31. J. Aron denies the allegations of paragraph 31, except respectfully refers the Court to the First Lien Documents for a complete and accurate statement of their contents.

.

32.   J. Aron denies the allegations of paragraph 32, except respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

33.   J. Aron denies the allegations of paragraph 33, except respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

34.   J. Aron denies the allegations of paragraph 34, except respectfully refers the Court to the Cash Collateral Order for a complete and accurate statement of its contents.

35.   J. Aron admits the allegations of paragraph 35, except respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

36.   J. Aron denies the allegations of paragraph 36, except admits that Plaintiff describes the relief sought therein.

37.   J. Aron repeats and incorporates by reference each and every response set forth above as though fully set forth herein.

38.   J. Aron denies the allegations of paragraph 38, except (i) avers, upon information and belief, that Delaware Trust, in its capacity as First Lien Indenture Trustee, is a party to the Intercreditor Agreement and (ii) respectfully refers the Court to the Intercreditor Agreement for a complete and accurate statement of its contents.

39.   With respect to the allegations of paragraph 39, J. Aron respectfully refers the Court to the Intercreditor Agreement for a complete and accurate statement of its contents.

40.   J. Aron denies the allegations of paragraph 40, except respectfully refers the Court to the Intercreditor Agreement for a complete and accurate statement of its contents.

41. J. Aron denies the allegations of paragraph 41.

42. J. Aron denies the allegations of paragraph 42.

43. J. Aron denies the allegations of paragraph 43, except avers that while Plaintiff purports to demand Declaratory Judgment, it is not entitled to such relief.

44. J. Aron repeats and incorporates by reference each and every response set forth above as though fully set forth herein.

45. J. Aron denies the allegations of paragraph 45, except respectfully refers the Court to the Escrow Agreement for a complete and accurate statement of its contents.

46. J. Aron denies the allegations of paragraph 46, except respectfully refers the Court to the Intercreditor Agreement for a complete and accurate statement of its contents.

47. J. Aron denies the allegations in paragraph 47, except admits that Plaintiff purports to demand the relief described therein.

## DEFENSES

J. Aron states the following defenses, incorporates by reference the affirmative defenses of any other defendant in this case and reserves its right to assert other and additional defenses, cross claims and third-party claims not asserted herein of which it becomes aware through discovery or other investigation as may be appropriate at a later time. In asserting these defenses, J. Aron does not assume any burden of proof, persuasion or production with respect to any issue where the applicable law places the burden upon Plaintiff.

## FIRST DEFENSE

This Court lacks subject matter jurisdiction to determine this action because the Federal Bankruptcy Court has exclusive jurisdiction to resolve this dispute.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff has failed to join all necessary and indispensable parties.

## FOURTH DEFENSE

Various conditions precedent to the award of any relief have not been satisfied.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the action is not ripe.

## **PRAYER FOR RELIEF**

J. Aron therefore prays that the Court (a) dismiss the action with prejudice; (b) enter judgment in favor of J. Aron and against Plaintiff with respect to all causes of action in the Complaint; (c) award J. Aron its attorneys' fees and all other costs reasonably incurred in defense of this action; and (d) award J. Aron any other relief as the Court may deem just and proper.

Dated: New York, New York
       April 10, 2015

Respectfully Submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
       Thomas J. Moloney

Sean A. O'Neal
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Fax: 212-225-3999
tmoloney@cgsh.com

*Counsel to J. Aron & Company*