UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DELAWARE TRUST COMPANY, as TCEH
First Lien Indenture Trustee,

                              Plaintiff,

-against-

WILMINGTON TRUST, N.A., as First Lien
Collateral Agent and First Lien
Administrative Agent,

                             Defendant.

Electronically Filed

Case No. 15-cv-02883 (PAE) (FM)

---

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THE JOINT MOTION TO INTERVENE OF
MORGAN STANLEY CAPITAL GROUP INC. AND J. ARON & COMPANY**

---

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Proposed Intervenor
J. Aron & Company*

CADWALADER, WICKERSHAM &
TAFT LLP
One World Financial Center
New York, NY 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

*Attorneys for Proposed Intervenor
Morgan Stanley Capital Group Inc.*

Proposed intervenors Morgan Stanley Capital Group Inc. ("MSCG") and J. Aron & Company ("J. Aron") (together, the "Secured Swap Providers") respectfully submit this reply memorandum of law in further support of their joint motion to intervene in this action pursuant to Rules 24(a)(2) and 24(b)(1)(B) of the Federal Rules of Civil Procedure (the "Intervention Motion") in response to Plaintiff's Memorandum In Response to Renewed Motions to Intervene (the "Intervention Opposition").

**ARGUMENT**

The record is clear that the Secured Swap Providers' Intervention Motion should be granted.  In its Intervention Opposition, Plaintiff expressly states that it "does not object to the Secured Swap Providers intervening in this case before this Court."  Intervention Opp. at 8.  Plaintiff also concedes that the current Defendants do not represent the Secured Swap Providers' interests in this action.  See id. at 4, 7.  Plaintiff has also conceded that the Secured Swap Providers have an economic stake in the outcome of this action.  See id. at 2, 4; see also Halstead Decl., Ex. J at 11:13-15.

Instead of addressing the merits of the Intervention Motion, Plaintiff raises collateral arguments that the Intervention Motion is premature and should not be decided until this Court finds that this case should remain in Federal Court.  Other than contending that if Plaintiff prevails on its remand or abstention arguments, this exercise might have to be repeated, Plaintiff advances no reason why the Secured Swap Providers should not be granted party status at this time in order to fully protect their rights.  While the Secured Swap Providers have briefed why this Court has subject matter jurisdiction and should not mandatorily or permissively abstain from exercising such jurisdiction, Plaintiff identifies no harm they will suffer if the Court concludes otherwise after granting intervention.  Rather, Plaintiff merely claims that under those

circumstances the Court's order will be vacated and have no consequence. In any event, this Court has the power to determine preliminary matters, such as intervention, before determining jurisdiction. For these reasons, the Secured Swap Providers' Intervention Motion should be granted.

I. **The Court Should Grant The Secured Swap Providers' Intervention Motion**

In their Intervention Motion, the Secured Swap Providers showed that they are entitled to intervene in this action as a matter of right pursuant to Rule 24(a)(2), because they have a direct economic stake and legally cognizable interest in the outcome of this action and their interests are not being adequately represented by the current parties to this action. See Memorandum Of Law In Support Of The Joint Motion To Intervene of MSCG and J. Aron ("Intervention Memo.") at 7-11. The Secured Swap Providers also showed, in the alternative, that they should be permitted to intervene by permission pursuant to Rule 24(b)(1)(B), because they have claims and defenses that present common questions of law and fact with the allegations raised by Plaintiff. See id. at 11-13.

In their Intervention Opposition, Plaintiff does not even attempt to respond to the showings made by the Secured Swap Providers.[1] Indeed, Plaintiff expressly states that it "does not object to [intervention by] the Secured Swap Providers . . . in this [action] before this Court." Intervention Opp. at 8. Plaintiff also admits that the Secured Swap Providers' "economic interests . . . are not represented by Defendant Wilmington as Administrative Agent for bank debt." Id. at 4.[2] These statements follow statements by Plaintiff's counsel on the record at the

---

[1]   In footnote 2 of the Intervention Opposition, Plaintiff falsely suggests that the Secured Swap Providers may be acting at the direction of Titan. See Intervention Opp. at 3 n.2. Plaintiff has no factual basis to make this statement as neither MSCG nor J. Aron are acting at the direction of Titan.

[2]   Plaintiff also contends that it "generally is unaware of the identity or economic interests of the bank lenders and swap counterparties." Intervention Opp. at 4 n.5. In the case of the Secured Swap Providers,

April 20, 2015 status conference that "[t]o the extent the intervenors have economic interests separate from [Wilmington Trust], I would not oppose intervention because I think it would be proper to allow them to intervene . . . . I think it would be logical to allow them to be parties to the entire action." Halstead Decl., Ex. J at 13:17-25.

In addition to making these statements, Plaintiff fails to address the substance of the Secured Swap Providers' Intervention Motion. For these reasons, the Intervention Motion should be granted in its entirety.[3]

## II. This Court Has The Power To Determine The Secured Swap Providers' Intervention Motion

Despite Plaintiff's significant admission that it does not object to intervention by the Secured Swap Providers, Plaintiff nonetheless contends that the Court cannot address the Intervention Motion until it determines whether it has subject matter jurisdiction. See Intervention Opp. at 5-7. Plaintiff further argues that even if the Court has jurisdiction, it should abstain from exercising such jurisdiction. See id. at 6. However, the Court has the power

---

this contention is disingenuous because the Secured Swap Providers are parties to the Intercreditor Agreement, which is the basis for Plaintiff's action and is attached as Exhibit A to Plaintiff's complaint. See Halstead Decl., Ex. A ¶ 5 n.2; id., Ex. B at 50, 52. In addition, both of the Secured Swap Providers filed publicly available proofs of claim in the Chapter 11 Cases that clearly state that MSCG and J. Aron hold first lien swap claims against the Debtors. See id., Exs. E, F.

[3] Plaintiff cites inapplicable cases concerning when a case will be dismissed for failing to join a necessary party in arguing that the Secured Swap Providers may not be entitled to intervene as of right pursuant to New York's Civil Practice Law and Rules ("C.P.L.R."). See Intervention Opp. at 8. The Secured Swap Providers plainly meet the requirements of C.P.L.R. §§ 1012(a)(2), (3). See N.Y. C.P.L.R. 1012(a)(2), (3) (McKinney 2012 & Supp. 2015) (intervention required when "representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment" and also when an action involves "disposition of or distribution of . . . property and the person may be affected adversely by the judgment"). This argument is, in any event, irrelevant given that the Intervention Motion is being made in Federal Court pursuant to the Federal Rules of Civil Procedure and Plaintiff acknowledges that if the action were remanded to New York State Court, it may not object to "the permissive intervention of the Secured Swap Providers." Intervention Opp. at 8.

to determine a variety of preliminary matters, including intervention, without first determining either jurisdiction or abstention.

As an initial matter, the Court clearly has jurisdiction over this action and should not mandatorily or permissively abstain from exercising such jurisdiction. As set forth in J. Aron's, MSCG's and Titan's Joint Memorandum Of Law In Support Of Their Motion To Transfer And In Opposition To Plaintiff's Motion For Remand (the "Transfer Motion" and "Remand Opposition"), the determination of a creditor's right to receive adequate protection payments under the Cash Collateral Order and federal bankruptcy law are core proceedings pursuant to 28 U.S.C. § 157, both "arising in" the Chapter 11 Cases and "arising under" the bankruptcy laws. See Transfer Mot. & Remand Opp., Point II.A. Plaintiff's claims are also "related to" the Chapter 11 Cases because the action involves the allocation of debtors' property among creditors. See id., Point II.B. As also set forth in the Transfer Motion and Remand Opposition, neither mandatory nor permissive abstention applies because this action is a core proceeding. See id., Point III.A. If this Court finds this action is "related to" the Chapter 11 Cases, Plaintiff has not shown that this action could be timely adjudicated in New York State Court. See id., Point III.B.

In all events, the Court has the power to address preliminary matters, including intervention, before determining jurisdiction. The Court also has the power to determine the sequence in which it addresses such preliminary matters. In similar cases, courts have addressed motions to intervene before addressing subject matter jurisdiction or mandatory abstention. See Guetzko v. Keybank Nat'l Ass'n, No. C08-2067, 2008 WL 5110945, at *3 (N.D. Iowa Dec. 4, 2008) (in addressing a motion to remand, the court was not required to first address subject matter jurisdiction before permitting intervention because it had "discretion to address pending motions in the order in which logic and facts require"); see also Zavadzan v. City of N.Y., No.

CV-07-1047, 2008 WL 2074087, at *1 (E.D.N.Y. May 14, 2008) (courts retain authority to address non-dispositive matters prior to deciding issue of jurisdiction) (citing Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007) (courts have "leeway" in deciding threshold questions and are required to determine subject matter jurisdiction only when the court proposes to issue a judgment on the merits)).[4]

        Notably, in Syncora Guarantee Inc. v. UBS AG, No. 13-cv-05335 (S.D.N.Y. Oct. 1, 2013), the plaintiff advanced the argument that the Court was required to first determine whether it had subject matter jurisdiction pursuant to 28 U.S.C. § 1334 before ruling on a pending motion to transfer the action to the Bankruptcy Court for the Eastern District of Michigan. In a bench ruling, Judge Kaplan rejected the plaintiff's argument and noted, "It may be undoubtedly that I can't definitively decide the case on the merits without further concluding that I have subject matter jurisdiction, ***but I could do a whole lot of other things long before that*** . . . ." Declaration of Zoe E. Shea in Support of Transfer Motion and Remand Opposition, dated May 6, 2015, Ex. I at 18:23-19:1 (emphasis added). Judge Kaplan found that "preliminary issues, including venue and the like, can be determined right from the outset." Id. at 27:15-17 (citing In re Zyprexa Prod. Liab. Litig., 594 F.3d 113, 126-27 (2d Cir. 2010) (district court had the discretion to defer "consideration of the jurisdictional challenges" as courts are "empowered

---

[4] The cases cited by Plaintiff in footnote 6 of the Intervention Opposition are inapposite to these facts. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409-11 (11th Cir. 1999), and Avitts v. Amoco Prod. Co., 53 F.3d 690, 693-94 (5th Cir. 1995) (per curiam), deal with the timing for adjudication of substantive motions as opposed to preliminary procedural matters. ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont., 213 F.3d 1108, 1117 (9th Cir. 2000) concerned the joinder of the Environmental Protection Agency as a defendant in an action that sought information from Montana state agencies under state law for which there was no federal subject matter jurisdiction. U.S. ex rel. Maxwell v. Kerr-McGee Oil & Gas Corp., 486 F. Supp. 2d 1233, 1235 (D. Colo. 2007), rev'd & remanded, 540 F.3d 1180 (2008), concerned a qui tam action in which the court was addressing the government's motion to stay entry of judgment so that the government could consider whether to file a motion to move to intervene. In that case, the court was well past determining preliminary procedural matters as it had already ruled, following trial and after the government had previously declined to intervene, that it lacked subject matter jurisdiction. Id. at 1235.

to issue non-dispositive orders between the filing of the action and its ultimate determination on the merits")); see also Wilderness Soc'y v. Wisely, 524 F. Supp. 2d 1285, 1294 (D. Colo. 2007) (describing motion to intervene as one of several "non-substantive" pending motions presenting "preliminary" issues). Thus, this Court has the power to determine the Secured Swap Providers' Intervention Motion before determining Plaintiff's Remand Motion.

Plaintiff also contends that the Intervention Motion should be denied at this time because the Secured Swap Providers have not "articulated a reason why Defendant Wilmington cannot adequately represent their interests on the questions of removal or transfer . . . and in any event they are being permitted by this Court to submit separate briefing and argument on those questions." Intervention Opp. at 6. However, there are matters that could rapidly arise in this action involving the Secured Swap Providers' interests, such as motions to dismiss and even the possibility of a collusive settlement between the Plaintiff and the Lenders at the expense of the Secured Swap Providers. As established in the Intervention Motion, a proposed intervenor's interest is deemed not to be adequately represented when its interest and the interests of the parties to the litigation are not identical. See Intervention Memo. at 9-11; Jakubik v. Schmirer, No. 13 Civ. 4087, 2013 WL 3465857, at *1-2 (S.D.N.Y. July 9, 2013) (Engelmayer, J.) (finding inadequate representation where interests differed beyond "litigation strategy"). Wilmington Trust, as Administrative Agent, acts only for the Lenders. The Lenders do not have the same interests as the Secured Swap Providers, because the Lenders and Secured Swap Providers have different contractual rights to obtain post-petition and default interest payments. See Intervention Memo. at 10-11. As also set forth in the Intervention Motion, Wilmington Trust, as Collateral Agent, has stated in writing on two separate occasions that it does not intend to take a position in the action. See id. at 5-6. Thus, Plaintiff has no basis to suggest that the interests of Secured Swap Providers are being adequately represented by Wilmington Trust.

## **CONCLUSION**

For the foregoing reasons, the Secured Swap Providers respectfully request that this Court grant their Intervention Motion.

Dated:   New York, New York
         May 6, 2015

| | |
|---|---|
| CADWALADER, WICKERSHAM & TAFT LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| By: s/ *Howard R. Hawkins, Jr.* | By: s/ *Thomas J. Moloney* |
|    Howard R. Hawkins, Jr. |    Thomas J. Moloney |
|    Ellen M. Halstead |    Sean A. O'Neal |
|    Michele Maman |    Zoe E. Shea |
| One World Financial Center | One Liberty Plaza |
| New York, NY 10281 | New York, NY 10006 |
| Telephone:  (212) 504-6000 | Telephone:  (212) 225-2000 |
| Facsimile:  (212) 504-6666 | Facsimile:  (212) 225-3999 |
| Mark C. Ellenberg (admitted *pro hac vice*) | *Attorneys for Proposed Intervenor* |
| 700 Sixth Street, N.W. | *J. Aron & Company* |
| Washington, DC 20001 | |
| Telephone:  (202) 862-2200 | |
| Facsimile:  (202) 862-2400 | |
| *Attorneys for Proposed Intervenor* | |
| *Morgan Stanley Capital Group Inc.* | |